UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JESSE KORMAN,<br><br>      Plaintiff,<br><br>  -against-<br><br>THE BRONX CHRONICLE, L.L.C.<br><br>      Defendant. | No. 19-cv-9047 |

**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

McMahon, C.J.:

      Plaintiff Jesse Korman, a professional photographer, commenced this copyright infringement action against Defendant The Bronx Chronicle, L.L.C. (the "Chronicle") seeking monetary relief for the Chronicle's alleged unauthorized reproduction and publication of Korman's photograph of the politician Alexandria Ocasio-Cortez, which he owned and registered under the Copyright Act, 17 U.S.C. § 101 *et seq.* (*See generally* Dkt. No. 1, Compl., Exs. A & B.)

      On September 30, 2019, Plaintiff filed the initial complaint in this action. (Dkt. No. 1.) Two days later, a copy of the summons and complaint was served on the Chronicle's authorized agent. (Dkt. No. 6.) The Chronicle never filed an answer or other motion in response to the complaint. Accordingly, on January 13, 2020, the Clerk of Court issued a certificate of default against the Defendant. (Dkt. No. 9.)

      Presently before the Court is Plaintiff's unopposed motion for default judgment. (Dkt. No. 13.) A motion for default judgment is governed by Federal Rule of Civil Procedure 55. Rule 55(a) states, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). This Circuit has a preference for litigating matters on their merits. If, as here, a Defendant fails to answer or otherwise contest a complaint, all well-pleaded allegations in the complaint are deemed admitted. *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 107 (2d Cir. 2006).

      However, before default judgment is granted, plaintiffs are required to comply with this Court's individual rules governing default judgments. Under those rules, the Court shall not consider a motion for default judgment until: (a) at least 30 days have passed since the Defendant was served with the complaint and summons; (b) plaintiff has served a copy of the Motion for

Entry of a Default Judgment on the defaulting defendant in the same manner as prescribed for service of process; (c) the motion is accompanied by a notice informing the defendant that the Court shall enter a default judgment against them if they fail to appear within 21 days of receiving the notice; and (d) plaintiff files a Motion for Entry of a Default Judgment, together with proof of service on the Motion and the Notice, with the Office of the Clerk of the Court.  (Individual Rule IV.E.1.)

      A review of the docket indicates that, while the notice of motion contains the language required by the court,  Plaintiff has yet to file proof that the motion was served in the same manner as a summons on the Chronicle or its agent.  Therefore, the pending motion is premature.  Plaintiff's request for a default judgment is DENIED, without prejudice to renewal when proof of service is filed, and 30 days have passed (or 60 days if service is made on a registered agent) from the effectuation of service.

Dated: June 1, 2020

_____
Chief Judge

BY ECF TO ALL PARTIES